## THE PEOPLE v. MULLINS.

It was not the intention of the Legislature, by the passage of the act of April 24, 1850, repealing certain acts, "and to incorporate the city and county of Sacramento," to repeal the law by which the county of Sacramento was created.

The territory of the county includes the city, but the city forms but a portion of the county, and their respective limits are kept distinct in the act; the powers of the board of supervisors being different in respect to the two. The county and city constitute a corporation for some purposes, while they are distinct as to others.

An indictment found by the grand jury of the county of Sacramento, on the sixth day of May, 1858, is good, as such jury was properly empanneled as of the county of Sacramento.

APPEAL from the Court of Sessions of the County of Sacramento.

The defendant, James Mullins, was indicted by the grand jury, empanneled in and for the county of Sacramento, for the crime of an assault with a deadly weapon, with the intent to inflict upon the person of one John McCoy a bodily injury. The indictment was found on the sixth day of May, 1858, and the defendant was arraigned and plead not guilty, on the tenth day of May following. On the eighteenth day of May, 1858, the plea was, by leave of the Court, withdrawn, and a motion made by the defendant to set aside the indictment on the ground, "that the same was not found by a legal grand jury of the city and

People v. Mullins.

county of Sacramento, or a legal grand jury of the county of Sacramento. And that it appears by said indictment, that the same was found by a grand jury of the county of Sacramento; whereas there was no such organization, or body politic, or corporation as the county of Sacramento when said indictment was found." The Court overruled this motion, and the defendant again plead "not guilty." A jury was called and sworn, and the defendant tried and convicted. The defendant being called for sentence on the twenty-first day of May, 1858, his counsel moved the Court to arrest the judgment on the same grounds of the former motion to set aside the indictment. Which motion was also denied by the Court, and sentence was passed on the prisoner. From which judgment of conviction the defendant appealed to this Court.

*Latham and Waters* for Appellant.

*Attorney-General* for Respondent.

BURNETT, J., delivered the opinion of the Court—TERRY, C. J., and FIELD, J., concurring.

The indictment in this case purports to be found by the grand jury of the county of Sacramento. The indictment was found on the sixth day of May, 1858, and the act of the Legislature, approved April 24, 1858, to incorporate the city and county of Sacramento, took effect on the first day of May, 1858. The defendant moved, in the Court below, to set aside the indictment, upon the ground, that it was not found by a legal grand jury— there being no organization known as the county of Sacramento.

It is true the act creates a corporation under the name and style of the "City and County of Sacramento;" but it was not the intention of the Legislature to repeal the law by which the county of Sacramento was created. The territory of the county of Sacramento includes the city; but the city forms but a portion of the county. Their respective limits are kept distinct in the act, and the powers of the board of supervisors are different in respect to the two. The county and city constitute a corporation for some purposes, while they are distinct as to others. The grand jury was properly empanneled as of the county of Sacramento.

Judgment affirmed.